GARSAN REALTY CORPORATION, Plaintiff, *v.* KATHERINE KOHLER and Another, Defendants.

City Court of New York, New York County, October 17, 1935.

*Ernst, Fox & Cane*, for the plaintiff.

*Salter & Steinkamp*, for the defendants.

WENDEL, J. This is an action to recover rent under a written lease. There are two defendants, the tenant under the lease and the guarantor. The guarantor served a demand for a jury trial and the plaintiff has made this motion to strike out such demand.

The lease in suit contains the following clause:

" 23rd: It is expressly understood and agreed by and between the parties hereto that in the event of a dispute between the parties thereto whether concerning this lease or otherwise, which said dispute shall result in a lawsuit between the parties hereto, the tenant agrees to and hereby does waive any right he may have to a trial by jury, and agrees that the matter in dispute shall be settled and decided by the court alone."

The guaranty executed by defendant Horton, appended to the lease, reads as follows: " In consideration of the letting of the premises within mentioned to the aforesaid tenant, and the sum of one dollar, to me paid by the aforesaid landlord, I do hereby covenant and agree, on behalf of myself, my legal representatives and assigns, to and with the said Landlord Garsau Realty Corporation, that if default shall at any time be made by the said tenant in payment of the rent or the performance of any covenants or conditions contained in the above lease, I will well and truly pay the said rent or any arrearage thereof, and also all damages that may arise in consequence of the non-performance of the covenants and conditions, or any of them, without requiring notice of any such default."

The question is whether the guarantor is bound by the provision in the lease waiving the right to trial by jury.

The lease provides that " in the event of a dispute between the parties thereto * * * the *tenant* agrees to and hereby does waive any right he may have to a trial by jury."

Paragraph 23d of the lease is, by its express terms, an agreement between the parties thereto. The guarantor is not a party to the lease. The provision for a waiver by the tenant of the right to trial by jury is, therefore, not binding upon the guarantor.

The plaintiff cites as authority for its contention an order made in the Supreme Court by Mr. Justice SCHMUCK, in the case of *Garsau Realty Corporation* v. *Lombardo*. That justice wrote no opinion and his order was affirmed, also without opinion (243 App. Div. 767). The court has examined the record and briefs on appeal in that case and finds that it is not in point. The suit there was against the tenant and was brought by an assignee of the original landlord. It was held that the provision in the lease for waiver of a jury trial, identical with the provision contained in the lease in suit, was binding upon the tenant in an action brought by an assignee of the lease. Such holding was inevitable in that case. The lease provided that all its covenants were binding " upon the heirs, executors, administrators and legal representatives of the parties hereto " and that " the tenant covenants to and with the landlord and its successors and assigns to keep and perform " all the provisions thereof. Thus was evidenced the clear intent of the

parties that an assignment of the lease was not to render nugatory any of the terms thereof. The lease was to be just as binding in the event of an assignment as between the original parties thereto. An assignee of the lease from the original landlord was to stand in the shoes of the original landlord. It followed, therefore, that an assignment of the lease by the original landlord did not abrogate the provision for waiver of a jury trial. The assignee, by right of succession, became a party to the lease.

The instant case is very different, for the defendant guarantor is not a party to the lease and is not a successor of any party to the lease. The provision in the lease whereby the tenant waived the benefit of a jury trial is not expressly binding upon the guarantor and cannot be extended by implication to include the guarantor. The contract of guaranty is a separate contract and, by no stretch of the imagination, can the guarantor be said to stand in the shoes of the tenant.

The landlord finds itself in this position, that it will be compelled to try its case against the tenant as well as against the guarantor, before a jury, notwithstanding the fact that the tenant has waived the right to trial by jury. This result will follow because the landlord has joined in one complaint an action against the tenant and against the guarantor, and the latter has demanded trial by jury. It may perhaps be obviated by a severance of the action, or by separate trials. It is unnecessary for the court at this time to express any opinion as to whether, in view of this situation, the plaintiff may not secure a separate trial against the tenant, and the determination here made is without prejudice to an application for such other relief as the landlord may be entitled to under the circumstances. However, the landlord cannot, by joining a cause of action against the tenant with one against the guarantor, deprive the guarantor of his constitutional right to trial by jury, for the guarantor has not waived such right.

The motion to strike out the defendant guarantor's demand for a jury trial is, therefore, denied.

Order signed.