## VAN LEYDEN et al. v. 360 EAST 55TH STREET CORPORATION et al.

District Court, S. D. New York.

June 2, 1941.

Xavier N. Sardaro, of New York City, for plaintiffs.

Zalkin & Cohen, of New York City, for defendant 360 East 55th Street Corporation.

GODDARD, District Judge.

The defendant, 360 East 55th Street Corporation, has demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This demand is opposed by the plaintiffs.

The action is to recover $7,500 damages and $12,500 damages alleged to have been sustained by the plaintiffs, Ernst Van Leyden and Karin Elizabeth Van Leyden respectively, as a result of the negligence of the defendants in allowing water to enter part of the studio building where their property was located. The owner of the building is the defendant 360 East 55th Street Corporation and had leased the space where the damage is alleged to have occurred to the plaintiff Ernst Van Leyden. The defendants, Crystal and Crystal, were the alleged managing agents of the building. The lease between 360 East 55th Street Corporation and Ernst Van Leyden contained the following clause:

"27. It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant's use or occupancy of said premises, and/or any claim of injury or damage."

■ This waiver of right to a jury trial is valid and binding upon the parties to the lease. Waterside Holding Corporation v. Lask, 233 App.Div. 456, 253 N.Y.S. 183; Zeesell Realty Co. v. Cunningham, 215 App.Div. 811, 213 N.Y.S. 942. But such waiver does not limit the rights of others who are not parties to the lease. They have a constitutional right to a trial by jury.

■ Ordinarily the plaintiff, Karin Elizabeth Van Leyden, would be entitled to a jury trial for her claim is based solely upon the negligence of the defendants, not upon the lease, but plaintiff Ernst Van Leyden is not entitled to a jury trial as against the defendant 360 East 55th Street Corporation, and the Van Leydens by this method of joining as plaintiffs may not compel that defendant to accept a jury trial. See Garsau Realty Co. v. Kohler, 156 Misc. 826, 282 N.Y.S. 822.

The motion to strike out the demand for a jury is granted without prejudice to any party moving for a severance and requesting a trial by jury. Settle order on notice.